UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-556-H

DAVID S. BENTLEY                                                                           PLAINTIFF

V.

MOTORISTS MUTUAL INSURANCE COMPANY                               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This declaratory judgment action arises from an automobile accident between David Bentley, a wrecker service operator dispatched to the scene of an accident, and Jeff Triplett, whose is attempting a legal turn from a stalled northbound lane of Kentucky Highway 55 onto a ramp leading to I64. Bentley was injured in the ensuing accident and now seeks underinsured motorists benefits from Motorists Mutual, which provides coverage for Bentley's employer.

Motorists asserts only one defense in opposition to Bentley's claim and, in fact, seeks summary judgment on the basis of it. The defense is that at the time of the accident Bentley was traveling the wrong way on Highway 55 as he approached the accident scene and, therefore, was negligent as a matter of law. According to Motorists, this disqualifies Bentley from any right to underinsured motorists coverage.

To recover underinsured motorists benefits under Policy, Bentley must establish that the underinsured motorist, Triplett, was at fault in the accident. *Nationwide Mut. Ins. Co. v. Hatfield*, 122 S.W.3d 36, 39-40 (Ky. 2003). Thus, Bentley must establish that some portion of the fault for the accident lies with the underinsured motorist. *See Ky. Farm Bureau Mut. Ins. Co. v. Ryan*, 177 S.W.3d 797, 803 (Ky. 2005).

Assuming for the moment that a jury would find Bentley at fault for traveling the wrong

way on Highway 55, even though he may have done so for a legitimate purpose, such a determination would not dispose of the central question at issue here.  Even though Bentley may be found at fault or even negligent as a matter of law, Kentucky law recognizes that several parties may combine to cause an accident.  The concept of comparative negligence is designed to resolve such a common perplexity.  Therefore, the Court concludes that even a finding of negligence *per se* as to Bentley does not entirely bar his claim of benefits under the Motorists Policy.

From the facts and evidence, a jury could believe that Bentley was traveling the wrong way at a reasonable speed with appropriate warning lights within an area of an accident-induced traffic jam.  He may have even reasonably believed that he was permitted to proceed in this manner.  But no one disputes Triplett's right to make his left turn onto the I64 ramp.  Drivers under all circumstances must exercise reasonable care to avoid hazards to others.  This duty might be considered even more acute in an accident zone.  It is not, therefore, beyond the realm of a reasonable jury's province to find that Triplett failed to exercise the degree of care required to observe an oncoming vehicle in an accident zone, even one traveling in an unlawful direction.

Consequently, the Court cannot say that a jury would be unreasonable to assign some share of comparative fault to Triplett.  At the appropriate time, the Court will likely consider an order entitling Motorists to an instruction as to Bentley's negligence as a matter of law.  However, even in such an event Bentley's liability as a matter of law does not completely bar his recovery on the Motorists Policy.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Motorists' motion for summary judgment is DENIED at

this time.

cc: Counsel of Record